IN THE OREGON TAX COURT
MAGISTRATE DIVISION

Jeff A. PECHAN
and Peggy A. Pechan,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC-MD 991283A)

Daniel Anderson, Certified Public Accountant, argued the cause for Plaintiff.

Anna Porter, Auditor, Oregon Department of Revenue, argued the cause for Defendant.

Decision for Defendant rendered January 7, 2000

**SCOT A. SIDERAS, Presiding Magistrate.**

Plaintiffs appealed the disallowance of the casualty loss deducted on their return for the 1995 tax year. A case management conference was held November 22, 1999. At the request of the parties it was converted to a trial. Daniel

Anderson, Certified Public Accountant, appeared for Plaintiffs. Defendant was represented by Anna Porter.

## STATEMENT OF FACTS

In December 1995, a storm destroyed 112 trees on Plaintiffs' property. Plaintiffs contracted with Elk Mountain Timber Inc., in January 1996, to have them clear the property of the downed trees. They realized $10,821.84 in salvage value from the operation.[1]

In March 1996, and again in August 1999, Plaintiffs hired William C. Gilmore, an Urban Forester and Consulting Arborist of Community Forestry, Inc., to determine the fair market value of the lost trees. Gilmore's report assigned a value to each tree, and concluded that the approximate value of the 112 destroyed trees totaled $392,800. That number, reduced by the proceeds of salvage, was used by Plaintiffs to claim their casualty loss.

The parties agree that the basis of the property is $236,610. Other evidence includes the assessment of the property, done by Washington County for property tax purposes, at $234,770 for the 1995-96 tax year and $255,160 for the 1996-97 tax year.[2]

## ANALYSIS

■　　The ability to claim a casualty loss deduction for non-business property is set out in Internal Revenue Code (IRC) section 165(c)(3). How that section is applied when storms damage trees has been the subject of some litigation. Those cases have established that the amount of the loss is determined by the decline in the value of the property as a whole, less any salvage and insurance. The assertion that the loss is calculated by looking to the worth of each individual tree has been specifically rejected. *Jackson v. Commissioner*, 13 TCM (CCH) 1175 (1954). Other cases reiterate that holding that the focus is not on the separate value of the trees, but rather on any decrease in the value of the overall property. *Hull v.*

---

[1] Defendant asserts that amount should be included as additional income increasing the deficiency.

[2] A letter from Washington County noted that assessed value did not directly attribute a value to the trees.

*Commissioner*, 32 TCM (CCH) 977 (1973); *Graham v. Commissioner*, 35 TC 273 (1960); *Cristo v. Commissioner*, 44 TCM (CCH) 177 (1959); *Horn v. Commissioner*, 18 TCM (CCH) 177 (1959); *Howard v. Commissioner*, 18 TCM (CCH) 413 (1959); *Western Products Co. v. Commissioner*, 28 TC 1196 (1957); *Lindley v. Commissioner*, 11 TCM (CCH) 355 (1952).

The court has carefully considered the valuation report submitted by Gilmore. Gilmore's credentials are weighty, and his report is informed. Were it presented for a different purpose, it could well be the final authority on the subject. However, because that report calculated the loss due to storm damage by summing the fair market value of the individual trees, it carries very little weight in this proceeding. The court, in determining the amount of casualty loss to residential property, may not focus on the worth of each tree lost or damaged. Instead, the basis for decision must be, as to nonbusiness property, on any change to the fair market value of the property as a whole. Rev Rul 68-29, 1968-1 CB 74.[3] Gilmore's report does not go so far.

■ When the value of the entire property is considered, Plaintiffs have presented no evidence that would allow the court to approve the deduction. The only evidence of the fair market value of the total property consists of its assessment for property tax purposes. Those statements only reflect an increasing value to the property over time, and do not contrast its value before and after the calamity. A reference was also made to offers for the property. Those offers only demonstrate the property is relatively valuable. They do not, either by themselves or in combination with the assessments, contrast the change in value of the property across the interval when the storm occurred.

Without a showing of the change of value of the property as a whole, the court has no reference with which to apply IRC section 165(c)(3). When Plaintiffs lost the 112 trees, they certainly lost an important asset. However, under the proof presented that loss was without a demonstrated tax

---

[3] The court notes that Jeff Pechan specifically testified that he contracted with Gilmore for his appraisal based on the specific advice of an employee of the Internal Revenue Service. That is regrettable. However, it does not change the consequences for purposes of determining a tax due to Oregon.

effect. *See Graham*, 35 TC 273 (casualty to a remarkable garden limited to the difference between the value of the estate immediately before and after the casualty, without regard to the individual value of the rare plants).

Defendant has raised a further point, asserting that the deficiency should be increased to account for the income accruing from the sale of the downed timber. The court does not approve that request. Although Plaintiffs may not have demonstrated the amount of the loss, Plaintiffs did suffer appreciable damage to a component going to the overall value of the property. The court is of the belief that the amount of that overall loss was in fact at least equal to the amount of income realized from the salvage sales. Under those circumstances, the court is satisfied Defendant's first inclination, that it was incorrect under all those circumstances to increase the deficiency, was proper. *See Cristo*, 44 TCM (CCH) 1057 (the court may infer evidence of the fair market values of the property from the totality of a taxpayer's evidence). With that caveat, Plaintiffs' appeal is denied.

## CONCLUSION

The court concludes that for nonbusiness property, a casualty loss must be calculated by contrasting the change in value to the property as a whole. Plaintiffs claimed their deduction contrary to that conclusion by estimating the value of each of 112 destroyed trees. Now, therefore;

IT IS THE DECISION OF THE COURT that Defendant's disallowance of the casualty loss deducted for the 1995 tax year is affirmed.